[Civ. No. 3011. Third Appellate District.—December 21, 1925.]

FRED BUTLER, Respondent, v. DAVE CORNELL, Appellant.

[1] PLEADING—JOINDER—ACTION FOR SERVICES JOINED WITH ACTION FOR DAMAGES FOR FORCIBLE ENTRY AND DETAINER—ABANDONMENT OF SECOND CAUSE OF ACTION—ABSENCE OF PREJUDICE.—In an action upon a complaint alleging a cause of action for work, labor, and services performed and moneys advanced joined with an action for damages for forcible entry and detainer, it need not be determined whether there was an improper joinder of causes of action, where plaintiff abandoned his alleged cause of action for damages for his exclusion from the premises and the cause was submitted to the jury upon the other issues, since defendant suffered no possible prejudice by the improper joinder, if it was such.

[2] SERVICES — PLEADING — FRAUD — NONESSENTIAL ALLEGATION—EVIDENCE.—In this action to recover certain expenses incurred and services rendered in connection with the establishment of a cigar business, where, although the complaint alleged that defendant's promises to plaintiff were fraudulently made without any intention to perform them, fraud was not a necessary element of plaintiff's cause of action, it was sufficient to prove defendant's agreement to pay for the alleged services and expenditures and his failure to do so.

[3] ID.—PARTNERSHIP—CONFLICTING EVIDENCE—APPEAL.—In such action, where the evidence upon the question of whether the parties were copartners was conflicting, and there was sufficient evidence to support a finding either way upon that question, the implied finding of the jury from such conflicting evidence was conclusive on appeal, and the appellate court has nothing to do with the weight of the evidence.

(1) 4 C. J., p. 928, n. 76. (2) 31 Cyc., p. 675, n. 38. (3) 4 C. J., p. 844, n. 66, p. 858, n. 3.

APPEAL from a judgment of the Superior Court of Del Norte County. Warren V. Tryon, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. See 1 Cal. Jur. 367.
3. See 2 Cal. Jur. 921; 2 R. C. L. 207.

Hersch & McNulty for Appellant.

John L. Childs and George W. Howe for Respondent.

FINCH, P. J.—The defendant was conducting a cigar business in the city of Eureka and was desirous of leaving that city and establishing a similar business near the town of Requa. The complaint alleges that it was agreed between the parties that the plaintiff would pay certain expenses and render certain services in connection with the establishment of said business at Requa and that "defendant would either thereafter immediately enter into and form a partnership with plaintiff or would pay plaintiff for such services and would repay plaintiff all money paid for such expenses"; that the plaintiff performed such services and paid said expenses in the total value and sum of $435.29, and that defendant refused to enter into the alleged partnership or to pay the plaintiff for such services and expenditures. The complaint also alleges that the parties secured a lease of certain land and that the defendant excluded the plaintiff therefrom to the latter's damage, but this claim was abandoned by plaintiff during the trial and the question was not submitted to the jury and need not be considered further.

The answer, in addition to denials of certain allegations of the complaint, alleges that, prior to the time the alleged services were performed or expenditures made, the parties had entered into an agreement of copartnership for the purpose of conducting the alleged business at Requa and that such services were performed and expenditures made "under and in pursuance of such agreement of copartnership, and as a part of the contribution of said plaintiff to said partnership business."

The plaintiff testified that the original agreement was, "If I would help him get his goods out of that building (in Eureka) where his lease was up and help him get built up there and help him get started, if I wanted to be a partner he would enter a partnership agreement if I felt I wanted to go up there; if not, . . . if I was not satisfied up there he would pay me. . . . He said: 'If you are not satisfied I will pay you for time and trouble and pay your money back.'" The defendant testified that the parties entered into an agreement of copartnership as

alleged in the answer. The court instructed the jury to the effect that if the agreement between the parties was as alleged in the complaint the plaintiff was entitled to recover the value of his services and the amount expended by him, but that if the parties were copartners and such services were performed and expenditures made in furtherance of the partnership business, then the defendant was entitled to a verdict. The jury returned a verdict in favor of plaintiff for the amount claimed by him for such services and expenditures and judgment was entered accordingly in that amount. The defendant has appealed from the judgment. Appellant does not contend that the evidence fails to show that plaintiff rendered services of the value claimed and expended the amount alleged.

[1] It is contended that defendant's demurrer to the complaint, on the ground that a cause of action for "work, labor and services performed and moneys advanced" was improperly joined "with a cause of action for damages for forcible entry and unlawful detainer." It need not be determined whether there was such improper joinder of causes of action. The plaintiff abandoned his alleged cause of action for damages for his exclusion from the premises and the case was submitted to the jury upon the other issues. The defendant, therefore, suffered no possible prejudice by reason of the improper joinder, if it was such.

[2] The complaint alleged that the defendant's promises to plaintiff were fraudulently made without any intention to perform them. Appellant contends that the evidence fails to establish fraud. Fraud, however, was not a necessary element of plaintiff's cause of action and it was sufficient to prove defendant's agreement to pay for the alleged services and expenditures and his failure to do so.

[3] It is contended that "the verdict of the jury is against the weight of the evidence" upon the question of whether the parties were copartners. As stated, there is sufficient evidence to support a finding either way upon that question. The implied finding of the jury from such conflicting evidence is conclusive on appeal, as this court has nothing to do with the weight of the evidence.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.